**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| Tesa SrL .                           ) | | |
|             Plaintiff,               ) | | |
|                                      ) | | |
|     v.                               ) | Court No. 20-00025 | |
|                                      ) | | |
| UNITED STATES,                       ) | | |
|                                      ) | | |
|             Defendant.               ) | | |

**COMPLAINT**

Plaintiff, Tesa SrL. through its attorneys, deKieffer & Horgan, alleges and states as follows:

**ADMINISTRATIVE DECISION TO BE REVIEWED**

1. This Complaint is brought by Plaintiff to contest certain aspects of the final administrative review results issued by the International Trade Administration of the United States Department of Commerce ("Commerce") in *Certain Pasta From Italy: Final Results of Antidumping Duty Administrative Review* 85 F.R. 2714 (January 16, 2020) and accompanying Issues and Decision Memorandum ("*Final Results*").

2. In the challenged decision, Commerce determined an antidumping margin of 91.76 percent for mandatory respondents Zara and Ghigi, 0.50 percent for mandatory respondent Industria Alimentare Colavita S.p.A., and an "all others" rate of 44.56 percent applicable to Tesa.

**JURISDICTION**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and sections

516A(a)(2)(A)(i) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, codified as 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii). Plaintiff contests the Department's *Final Results* specifically as applied to Plaintiff.

## STANDING OF PLAINTIFF

4. Plaintiff Tesa is an Italian exporter of the subject merchandise that was the subject of the underlying review. Plaintiff participated in the underlying ITA administrative review proceeding as a nonmandatory respondent. Plaintiff, therefore, is an "interested party" within the meaning of Section 771(9)(A) of the Act, as amended, 19 U.S C § 1677(9)(A), and has standing pursuant to Section 516A(d) of the Act, as amended, 19 U.S.C § 1516a(d).

## TIMELINESS OF THIS ACTION

5. The contested administrative review was published in the Federal Register January 16, 2020. Plaintiff Tesa is filing a Summons concurrently with this Complaint of the *Final Results*. The action is, therefore, timely filed pursuant to Section 516A(a)(2)(A)(i)(I) of the Tariff Act of 1930, as amended, 19 U.S C. § 1516a(a)(2)(A)(i)(I).

## STATEMENT OF FACTS

6. An administrative review of the antidumping duty order on certain pasta from Italy was initiated September 10, 2018, pursuant to a request by the petitioner. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 83 FR 45596 (September 10, 2018). Tesa fully participated in this review as a nonmandatory respondent.

7. On September 12, 2019, Commerce published its preliminary results of the review. *See Certain Pasta From Italy: Preliminary Results of Antidumping Duty Administrative Review; 2017–2018,* 84 Fed. Reg. 48114 (September 12, 2019) Commerce determined a rate of 96.79 percent based on responses submitted by Zara/Ghigi, zero percent for

Colavita and 96.79 percent as the all-others rate for Tesa.

8. Tesa filed a case brief October 23, 2019.

9. January 16, 2020, Commerce published its *Final Results*. *See Certain Pasta From Italy: Final Results of Antidumping Duty Administrative Review; 2017–2018*, 85 Fed. Reg. 2714 (January 16, 2020) and accompanying Issues and Decision Memorandum ("*Final Results*"). The rate was changed to 91.76 percent for Zara and Ghigi; 0.50 percent for the other mandatory respondent, Industria Alimentare Colavita S.p.A and the all-others rate applied to Tesa is 44.56 percent.

## STATEMENT OF THE CLAIMS

10. Plaintiff challenges the *Final Results* of the administrative review for the following reasons:

## COUNT ONE

11. The allegations of paragraphs 1 through 10 are restated and incorporated herein by reference.

12. The Department's conclusions that the protein content reported by Zara/Ghigi was incorrect was not supported by substantial evidence on the record. The Department's conclusions led to a mismatch of protein when comparing pasta sold to the U.S. with that produced and sold in Italy. The protein content should have been measured not based on the labels of the products in the U.S. and in Italy, but on the bill of materials which show the actual protein content and are a more accurate method to compare U.S. and Italian pasta. This mismatch led to an applies-to-oranges comparison, which in turn led to calculation of an antidumping margin that was not based on substantial evidence on the record and otherwise contrary to law. *See* 19 U.S.C. § 1677b(f)(1);

*also see* 19 U.S.C. § 1516a(b)(1)(B).  Moreover, Commerce failed to give due consideration to the weight of the evidence.  *See Skidmore v. Swift & Co.,* 323 U.S. 134 (1944). Thus, the antidumping margin was not calculated as accurately as possible. *See Shakeproof Assembly Components Div. of Ill. Tool Works v. United States*, 268 F.3d 1376, 1382 (Fed. Cir. 2001).

## COUNT TWO

13. The allegations of paragraphs 1 through 12 are restated and incorporated herein by reference.

14. The Department did not use the shape codes offered by Zara/Ghigi.  This affects whether a particular type of pasta is designated as a normal cut or specialty cut and the resulting antidumping margin calculation.  Commerce's decision was not predicated on substantial evidence on the record and otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B).

## COUNT THREE

15. The allegations of paragraphs 1 through 14 are restated and incorporated herein by reference.

16. The Department's decision to use partial adverse facts available (AFA) regarding payment dates for Zara and Ghigi is not based on substantial evidence on the record and otherwise not in accordance with law.

## COUNT FOUR

17. The allegations of paragraphs 1 through 16 are restated and incorporated herein by reference.

18. Regardless whether the Zara/Ghigi antidumping margin is changed, the rate applied to Tesa

was unfair, an abuse of discretion, and does not reasonable reflect a rate that should be applied to Tesa.

## **COUNT FIVE**

19. The allegations of paragraphs 1 through 18 are restated and incorporated herein by reference.

20. Alternatively, Tesa argues that the all-others rate applied to it should be based on the dumping margin for the mandatory respondents, if it is reduced as a result of this litigation. *See* 19 U.S.C. § 1673d(C)5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a) hold that Commerce's *Final Results* was unsupported by substantial evidence and was otherwise not in accordance with law with respect to the claims advanced by Plaintiff in the Complaint; and

b) remand the *Final Results* to the Commerce Department with instructions to correct the errors set forth in this Complaint.

Respectfully submitted,

　　　/s/ *John J. Kenkel*　　　　
John J. Kenkel
Alexandra H. Salzman
Judith L. Holdsworth
1090 Vermont Ave., N.W., Suite 410
Washington, D.C. 20005
Tel. (202) 783-6900
Fax )202)-783-6909
jkenkel@dhlaw.com
*Counsel for Plaintiff Tesa S.r.L.*

*January 29, 2020*

Case 1:20-cv-00025-RKE Document 7 Filed 01/29/20 Page 6 of 6

6